IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01071-ZLW-CBS

ANTHONY DEMBRY,
        Applicant,
v.

JAMES ABBOTT, Warden, and
JOHN SUTHER [sic], Attorney General of the State of Colorado,
        Respondents.

_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

        This civil action is before the court on Dembry's "Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2254" ("Petition") (filed May 31, 2005) (doc. #

3).  Pursuant to the Order of Reference dated September 20, 200 (doc. # 14), this civil

action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial

matters, including discovery and other non-dispositive motions . . . and submit

proposed findings of fact and recommendations for rulings on dispositive motions."

        "A threshold question that must be addressed in every habeas case is that of

exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994).  Before a state

prisoner may raise a federal constitutional claim attacking his state conviction in a

federal habeas corpus proceeding pursuant to 28 U.S.C. § 2254, he or she must have

first exhausted state remedies and provided the state courts with a fair opportunity to

apply controlling legal principles to facts bearing on the constitutional claims.  *Miranda*

1

*v. Cooper*, 967 F.2d 392, 397 (10th Cir. 1992).  This principle has been codified in 28 U.S.C. § 2254(b)(1).  As a threshold matter, Respondents contend that Dembry has failed to exhaust his state court remedies as to his sixth claim.

The presence of even one unexhausted claim results in a "mixed petition." "[A] district court faced with a habeas petition containing unexhausted claims may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits." *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002).  *See also Romero v. Furlong*, 215 F.3d 1107, 1111 (10th Cir. 1992) ("In the present case, it is in the interest of judicial economy for this court to hear this cause in spite of the unresolved issues of exhaustion and procedural default") (citing *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991); *United States v. Wright*, 43 F.3d 491, 496 (10th Cir.1994) (addressing a 28 U.S.C. § 2255 petition and declining to address the procedural bar issue because the claim would fail on the merits in any event)).  Thus, the court may examine all of Dembry's claims on the merits.

After reviewing the Petition and Respondents' Answer (filed October 24, 2005) (doc. # 19), the court notes that Respondents have not presented any argument on the merits of Dembry's sixth claim (contained within his "Issue Number V") that his aggravated-range sentence violates *Apprendi v. New Jersey,* 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004).

Accordingly,

**IT IS ORDERED that Respondents shall file any response they have to the merits of Dembry's sixth claim on or before January 13, 2006.**

DATED at Denver, Colorado, this 6th day of December, 2005.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge