IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01071-ZLW-CBS

ANTHONY DEMBRY,
    Applicant,
v.

JAMES ABBOTT, Warden, and
JOHN SUTHER [sic], Attorney General of the State of Colorado,
    Respondents.
_____

ORDER SETTING STATUS CONFERENCE ON LIMITED ISSUE
_____

Magistrate Judge Craig B. Shaffer

      This civil action is before the court on Dembry's "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" ("Petition") (filed May 31, 2005) (doc. # 3). Pursuant to the Order of Reference dated September 20, 2005 (doc. # 14), this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial matters, including discovery and other non-dispositive motions . . . and submit proposed findings of fact and recommendations for rulings on dispositive motions." Respondents filed their Answer to the Petition on October 24, 2005. At the direction of the court, Respondents filed their Supplemental Answer to the Petition on March 15, 2005. The state court record was filed with the court on March 13, 2006.

      In his sixth claim in the Petition, Dembry alleges that his aggravated range sentence violates *Apprendi*, 530 U.S. at 466, and *Blakely*, 542 U.S. at 296. (*See* Petition at second unnumbered page following p. 9).

*Apprendi* requires that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. "Thus, the due process clauses of the Fifth and Fourteenth Amendments make the jury the proper decision maker and the reasonable doubt standard is the proper burden, when a fact raises the maximum lawful punishment." *Browne v. United States*, 379 F. Supp. 2d 251, 255 (D. Puerto Rico 2005) (citing *Apprendi*, 530 U.S. at 488). "This is only applicable in situations where the judge-made factual determination increased the maximum sentence beyond the statutory maximum, and not in situations where the defendant's potential exposure is increased within the statutory range." *Browne*, 379 F. Supp. 2d at 255 (internal quotation marks and citation omitted). *Apprendi* permits "judges to exercise discretion--taking into consideration various factors relating both to offense and offender--in imposing a judgment within the range prescribed by statute." 530 U.S. at 481.

In *Blakely*, the Supreme Court held the Sixth Amendment right to trial by jury was violated by imposition of a sentence above the "statutory maximum of the standard range" in the State of Washington's sentencing guidelines, because the sentence enhancement was based on aggravating facts which were determined by judicial, rather than jury fact finding. 542 U.S. at 303. In *Blakely*, the Supreme Court clarified that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" 542 U.S. at 303 (emphasis in original). "In other words, the relevant

'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Blakely*, 542 U.S. at 303-04 (emphasis in original).

Dembry was convicted of sexual assault on a child by one in a position of trust, a class 3 felony, pursuant to Colo. Rev. Stat. § 18-3-405.3(2)(a) (2005) and sexual assault on a child, a class 4 felony, pursuant to Colo. Rev. Stat. § 18-3-405(1) and (2)(a) (2005), both as crimes of violence pursuant to Colo. Rev. Stat. § 18-1.3-406 (formerly located at Colo. Rev. Stat. § 16-11-309).  The presumptive sentence range for a class 3 felony committed on or after July 1, 1993 is four to twelve years.  The presumptive sentence range for a class 4 felony committed on or after July 1, 1993 is two to six years.  Colo. Rev. Stat. § 18-1.3-401(1)(a)(V)(A) (formerly located at Colo. Rev. Stat. § 18-1-105(1)(a)(V)(A)).

The jury specifically determined that Dembry caused bodily injury to the victim, resulting in Dembry's conviction of a crime of violence.  (*See* Record Vol. I at pp. 171-72; Colo. Rev. Stat. § 18-1.3-406(2)(b)(I)).  Because Dembry was convicted of a crime of violence, the maximum presumptive sentence for a class 3 felony was increased by four years and the maximum presumptive sentence for a class 4 felony was increased by two years.  Colo. Rev. Stat. § 18-1.3-401(10)(b)(XII) (formerly located at Colo. Rev. Stat. § 18-1-105 (9.7)(b)(XII)).  As a person convicted of a crime of violence, Dembry had to be sentenced to at least the midpoint but not more than twice the maximum of the presumptive range.  Colo. Rev. Stat. § 18-1.3-406(1)(a).  Thus, the sentencing range for a class 3 felony that was both an extraordinary risk crime and a crime of

violence was ten to thirty two years and for a class 4 felony was five to sixteen years.

The trial court was authorized to impose a sentence in the increased range. However, Dembry's sentence of twenty years *to life* on count 3, twenty years *to life* on count 4, sixteen years *to life* on count 8, and sixteen years *to life* on count 9 does not appear to be within the increased ranges of ten to thirty two years for a class 3 felony and five to sixteen years for a class 4 felony. (*See* Record Vol. 1 at pp. 241-42 (emphasis added)). The court seeks clarification as to whether Dembry's sentence was within the sentencing range established by statute and supported by the jury's verdict.

Accordingly, IT IS ORDERED that:

1. **A status conference shall be held to discuss this limited issue on Wednesday May 10, 2006 at 8:30 a.m.**

2. **Dembry or his case manager shall arrange for Dembry's participation in the status conference via telephone and shall call (303) 844-2117 at the scheduled time.**

DATED at Denver, Colorado, this 20th day of April, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge